**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LOIS KRAMER, M.D.,

        Plaintiff,

v.                                                                          Case No. 04-CV-74362-DT

PAUL REVERE LIFE INSURANCE COMPANY,
et al.,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S "MOTION FOR LIMITED DISCOVERY"**

On January 9, 2005, the court issued a scheduling order in this case involving a claim for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.  On January 14, 2005, Plaintiff filed a statement of procedural challenge alleging a failure of due process and bias on behalf of Defendants.  The court subsequently held a telephone conference on February 8, 2005 to discuss the need for discovery on the alleged procedural deficiencies.  The court afforded several weeks for the parties to discuss the appropriate scope of discovery related to Plaintiff's procedural challenge.  The parties, however, were able to reach agreement on only some limited discovery.  The court, following a March 17, 2005 conference, directed Plaintiff to file a motion detailing what additional discovery she sought.

Plaintiff filed her "Motion for Limited Discovery" on April 5, 2005.  Defendants filed their written response objecting to the additional discovery on April 15, 2005.  For the reasons set forth below, the court will deny Plaintiff's motion.

## I. STANDARD

In *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998), a panel of the Sixth Circuit set forth "Suggested Guidelines" to adjudicate claims based on improper denials of ERISA benefits.  The panel noted that a district court's review of a plan administer's determination should normally be confined to the evidence that was in the record before the plan administrator.  *Id.* at 618 (citing *Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 437 (6th Cir. 1997)); *Barone v. Unum Life Ins. Co. of Am.*, 186 F. Supp. 2d 777, 779 (E.D. Mich. 2002).  The "Suggested Guidelines" in *Wilkins* direct the district court to review a plan administrator's decision based solely on the administrative record and render findings of fact and conclusions of law.  *Wilkins*, 150 F.3d at 618; *Barone*,186 F. Supp. 2d at 779.

"A district court can only consider new non-record evidence 'when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'"  *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 458 n.3 (6th Cir. 2003) (quoting *Wilkins,* 150 F.3d at 618).  Any discovery must be limited to these procedural challenges.  *Wilkins*, 150 F.3d at 619; *Barone*, 186 F. Supp. 2d at 779; *Brooks v. General Motors Corp.*, 203 F. Supp. 2d 818, 823 (E.D. Mich. 2002) ("The discovery phase in an ERISA action will only cover the exchange of the administrative record, and, if there is a procedural due process claim against the administrator, discovery is limited to evidence related to procedural challenges.").

The district court reviews a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) *de novo* "unless the benefit plan gives the administrator or fiduciary

discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Marks*, 342 F.3d at 456. "If a plan affords such discretion to an administrator or fiduciary, we review the denial of benefits only to determine if it was 'arbitrary and capricious.'" *Marks*, 342 F.3d at 456 (citing *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991)). A district court will uphold the determination of an administrator under the arbitrary and capricious standard if it is "rational in light of the plan's provisions." *Id.* at 457 (quoting *Borda v. Hardy, Lewis, Pollard & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998)).

When an entity both funds and administers the plan at issue, "there is an actual, readily apparent conflict." *Killian v. Healthsource Provident Admin., Inc.*, 152 F.3d 514, 521 (6th Cir. 1998). Furthermore, in *Firestone Tire & Rubber v. Bruch*, the Supreme Court noted that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" 489 U.S. at 109 (quoting Restatement (Second) of Trusts § 187, comment d (1959)).

The question of whether the procedure employed by the fiduciary in denying the claim for benefits meets the procedural requirements under ERISA 29 U.S.C. § 1133 is a legal question which the court must review de novo. *Marks*, 342 F.3d at 459; *Kent v United Omaha Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996); *Dutton v. Unum Provident Corp.*, 170 F. Supp. 2d 754 (W.D. Mich. 2001). Furthermore, when a plan administrator fails to comply with the procedural requirements of 29 U.S.C. § 1133, the ordinary remedy is to reverse the denial of benefits and remand the case to the plan administrator. *Marks*, 342 F.3d at 461 ("Where administrators have failed to comply

3

with the procedural requirements . . ., it is ordinarily appropriate to reverse the denial of benefits and to remand the case to the plan administrators or the district court.") (citing *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 619 (6th Cir. 1992)).

## II. DISCUSSION

The court will deny Plaintiff's request for additional discovery to establish the existence of a procedural deficiency in how her claim was handled under ERISA.  First, the court notes that Plaintiff has already been afforded some additional discovery to support her procedural challenge.  Specifically, the parties agreed (1) to permit Plaintiff to subpoena documents from the independent medical examiners who were hired by Defendants to examine Plaintiff, (2) to serve interrogatories on a subsidiary of Defendant UnunProvident Corporation, Genex, (3) to subpoena an entity called International Claim Specialists regarding the surveillance of Plaintiff, and (4) to serve four requests for production of documents.  Indeed, Plaintiff has already acknowledged that, in her view, even without this additional discovery she possessed sufficient evidence to show a procedural deficiency in the processing of her claim.  (Pl.'s 01/14/05 Statement of Procedural Challenge ("Even without fair investigation, there already exists evidence of bias and misconduct in the handling of Dr. Kramer's claim.").)

Second, no additional discovery is required on the alleged conflict of interest of Defendants.  Defendants acknowledge that an irrebuttable presumption of a conflict of interest exists because the administrator doubles as the payor in the ERISA plan at issue.  As such, discovery in not required to establish this conflict.  *See Schey v. Unum Life Ins. Co. of Am.*, 145 F. Supp. 2d 919 (N.D. Ohio 2001).  The *Schey* court explained:

> The Court in *Killian* made clear that an actual conflict of interest exists
> whenever the administrator doubles as the payor of the disputed benefits

4

and that a district court must weigh that conflict in deciding if the
administrator improperly excluded favorable evidence from the
administrative record.  *Killian* in effect establishes an irrebuttable
presumption that a conflict of interest, or bias if you will, exists whenever
the same entity wears both the administrator's hat and the payor's hat.  It
requires the district court to weigh the existence of that conflict in deciding
if the administrator acted improperly.  Because of this irrebuttable
presumption, no need exists for discovery of evidence to establish it.
Conceivably, therefore, the only discovery as to bias or conflict that the
*Wilkins* guideline might authorize would occur in a situation where the
administrator did not have responsibility for paying the benefits.

*Id.* at 923.

The Sixth Circuit has also stated, that even when a conflict of interest exists, the

abuse of discretion or arbitrary and capricious standard may still apply, noting, however,

that "application of the standard should be shaped by the circumstances of [any]

inherent conflict of interest."  *Borda*, 138 F.3d at 1069; *see also Univ. Hosp. of*

*Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000).

Third, the court is not persuaded by Plaintiff's reliance on *Saldi v. Paul Revere*

*Life Ins. Co.*, 224 F.R.D. 168 (E.D. Pa. 2004).  The extensive discovery permitted in the

*Saldi* case was not related to an ERISA claim for benefits under 29 U.S.C. § 1132(a),

but rather based on a Pennsylvania cause of action requiring the plaintiff to demonstrate

bad faith.  *Id.* at 176.

### III.  CONCLUSION

Having determined that Plaintiff has already been afforded sufficient discovery on

her alleged procedural challenges,

IT IS ORDERED that Plaintiff's "Motion for Limited Discovery" [Dkt. # 10] is

DENIED.

IT IS FURTHER ORDERED that Plaintiff file a renewed statement of procedural challenge and statement regarding the standard of review **no later than June 17, 2005.** Defendants shall file a written response **no later than July 1, 2005.**  The parties' briefs should address: (1) whether an ERISA procedural violation has occurred (including where relevant specific statutory citations); (2) if such a procedural violation has occurred, whether the court should employ the ordinary remedy of remanding the case to the plan administrator; and (3) the appropriate standard of review the court should employ in reviewing the substance of the administrator's determination.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 6, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522