**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOIS KRAMER,

    Plaintiff,

v.                                                               Case No. 04-CV-74362-DT

PAUL REVERE LIFE INSURANCE CO. and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S**
**"RENEWED STATEMENT OF PROCEDURAL CHALLENGE"**

Pending before the court is Plaintiff Lois Kramer's "Renewed Statement of Procedural Challenge" and Defendants Paul Revere Life Insurance Company and Provident Life and Accident Insurance Company's timely response. Having reviewed the briefs, the court concludes a hearing on the matter is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's procedural challenge.

**I. STANDARD**

As discussed in the court's June 6, 2005 order, a panel of the Sixth Circuit has set forth "Suggested Guidelines" to adjudicate claims based on improper denials of ERISA benefits. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998). The panel noted that a district court's review of a plan administer's determination should normally be confined to the evidence that was in the record before the plan administrator. *Id.* at 618 (citing *Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 437 (6th Cir. 1997)); *Barone v. Unum Life Ins. Co. of Am.*, 186 F. Supp. 2d 777, 779

(E.D. Mich. 2002).  The "Suggested Guidelines" in *Wilkins* direct the district court to review a plan administrator's decision based solely on the administrative record and render findings of fact and conclusions of law.  *Wilkins*, 150 F.3d at 618; *Barone*,186 F. Supp. 2d at 779.

"A district court can only consider new non-record evidence 'when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'"  *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 458, n.3 (6th Cir. 2003) (quoting *Wilkins,* 150 F.3d at 618).  Any discovery must be limited to these procedural challenges.  *Wilkins*, 150 F.3d at 619; *Barone*, 186 F. Supp. 2d at 779; *Brooks v. General Motors Corp.*, 203 F. Supp. 2d 818, 823 (E.D. Mich. 2002) ("The discovery phase in an ERISA action will only cover the exchange of the administrative record, and, if there is a procedural due process claim against the administrator, discovery is limited to evidence related to procedural challenges.").

The district court reviews a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Marks*, 342 F.3d at 456.  "If a plan affords such discretion to an administrator or fiduciary, we review the denial of benefits only to determine if it was 'arbitrary and capricious.'" *Marks*, 342 F.3d at 456 (citing *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991)).  A district court will uphold the determination of an administrator under the arbitrary and

capricious standard if it is "rational in light of the plan's provisions." *Id.* at 457 (quoting *Borda v. Hardy, Lewis, Pollard & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998)).

When an entity both funds and administers the plan at issue, "there is an actual, readily apparent conflict." *Killian v. Healthsource Provident Admin., Inc.*, 152 F.3d 514, 521 (6th Cir. 1998). Furthermore, the Supreme Court has noted that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Bruch*, 489 U.S. at 109 (quoting Restatement (Second) of Trusts § 187, comment d (1959)).

The question of whether the procedure employed by the fiduciary in denying the claim for benefits meets the procedural requirements under ERISA 29 U.S.C. § 1133 is a legal question which the court must review de novo. *Marks*, 342 F.3d at 459; *Kent v United Omaha Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996); *Dutton v. Unum Provident Corp.*, 170 F. Supp. 2d 754 (W.D. Mich. 2001). Furthermore, when a plan administrator fails to comply with the procedural requirements of 29 U.S.C. § 1133, the ordinary remedy is to reverse the denial of benefits and remand the case to the plan administrator. *Marks*, 342 F.3d at 461 ("Where administrators have failed to comply with the procedural requirements . . ., it is ordinarily appropriate to reverse the denial of benefits and to remand the case to the plan administrators or the district court.") (citing *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 619 (6th Cir. 1992)).

## II.  DISCUSSION

### A.  Introduction

Because this case involves a claim for benefits under § 1132(a)(1)(B), the court issued a scheduling order setting deadlines for the parties to file statements regarding their position on procedural challenges and on the appropriate standard of review. (1/09/05 Order.)  Both parties filed their statements indicating that Plaintiff's complaint asserted a procedural challenge.  (*See* Pl.'s 1/14/05 Statement; Defs.' 1/21/05 Statement.)  After allowing the parties time to conduct limited discovery, (*see* 6/06/05 Order), the court directed Plaintiff to file a renewed statement of procedural challenge and statement regarding the standard of review no later than June 17, 2005 and Defendants to file their response by July 1, 2005.  (6/06/05 Order at 6.)  The parties timely responded, and the matter is ripe for determination.

### B.  Standard of Review

As an initial matter, the court finds that neither party has properly briefed the appropriate standard of review.  Despite the fact that the court explicitly directed the parties to brief this issue, (*see* 6/06/05 Order at 6), the parties devote very little of their briefs to the standard of review.  More importantly, however, the parties do not cite to the specific plan provisions, nor do they attach the plans to their briefs.  The court, therefore, simply cannot determine the appropriate standard of review at this point, and the court will defer ruling on this issue until the matter has been fully briefed. Accordingly, the court will direct the parties to brief this issue, *with citations to the plan*

4

*provisions*, in conjunction with the briefing of the denial of benefits under 29 U.S.C. § 1132(a)(1)(B).[1]

### C. Plaintiff's Procedural Challenges

The majority of Plaintiff's brief is focused on the substance of her claim for benefits. Plaintiff seems to be arguing that because she believes she is entitled to benefits, Defendants' denial of those benefits must be procedurally flawed. The court finds that such an argument is premature, because it essentially challenges the substantive decision to deny Plaintiff's benefits. The court will not address the substance of Plaintiff's claim for benefits until the matter is fully briefed and properly before the court. Instead, the court will address only those procedures which are specifically challenged by Plaintiff.

### (1) Alleged Failure to Provide Documents

Plaintiff argues that Defendants did not provide her with numerous documents, although they were requested. (Pl.'s 6/27/05 Renewed Statement at 8-9.) Specifically, Plaintiff asserts that she requested copies of the surveillance tapes three times before they were finally mailed to her, that Plaintiff never received any copies of the United States Department of Labor Dictionary of Occupational Titles, that she did not receive a copy of a certain spreadsheet of "high reserve cases," and that she did not receive a copy of the medical report of Dr. Harvey. (*Id.*) Plaintiff does indicate what particular statutory requirement that Defendants' alleged actions violate. The only conceivable

---

[1]The allegations of bias and conflict of interest will be analyzed in connection with the court's determination of the appropriate standard of review.

provision which Plaintiff could rely upon is 29 U.S.C. § 1133.  Section 1133 of ERISA provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall--
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. §§ 1133(1) & (2).

Plaintiff does not cite to any authority for the proposition that § 1333 should be interpreted to require a claims administrator to provide a claimant with copies of any document that she requests.  The Western District of Michigan rejected a similar argument in *Dutton v. Unum Provident Corporation/Paul Revere Co.,* 170 F. Supp. 2d 754, 760 (W.D. Mich. 2001).  In *Dutton,* the court held:

> Plaintiff appears to be contending that notice under § 1133 means providing copies of all the medical evidence upon which the Plan relied in making its determination. The Court is aware of no authority that would support such a contention. Notice under § 1133 of the specific reasons for denial has never been interpreted by the courts to require a Plan to provide the claimant with a copy of the full administrative record.

*Id.* at 760.  This court also agrees that § 1133 does not require Defendants to automatically provide Plaintiff with every document in the administrative record.  The regulations promulgated under § 1133, however, do provide that Plaintiff was entitled to receive "upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall

6

be determined by reference to paragraph (m)(8) of this section." 29 C.F.R §§ 2560.503-1 (h)(2)(iii) & (j)(3).   "Relevant" is defined under 29 C.F.R. § 2560.503-1(m)(8):

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information.
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).

First, the court finds that Plaintiff received a complete copy of all documents contained in her claim files prior to her appeal.  Defendants first sent these documents to Plaintiff on January 12, 2004.  (A.R. 592)[2]  Defendants have also submitted a notation from a telephone conversation in which a "Louise" from Plaintiff's attorney's office confirmed receipt of these documents.  (A.R. 737.)  The court is inclined to find that submitting all of the documents in Plaintiff's claim file is the most that is required of Defendants under § 1133, and even more than some courts would require.  *See, e.g., Dutton,* 170 F. Supp. 2d at 760.   While it is not clear whether these "documents" included copies of the surveillance tapes, the record does reflect that copies were sent to Plaintiff on May 4, 2004, almost two weeks prior to the filing of her appeal.  (A.R.

---

[2]The Administrative Record in this case was Bates stamped with 10 characters, such as "PRLCL00752."  For brevity's sake, the court will cite only the last three digits.

7

743.) Indeed, Plaintiff admits that she received the tapes prior to the appeal (Pl.'s 6/27/05 Renewed Statement at 8), and the court finds that Defendants complied with § 1133 with respect to the surveillance tapes.

The court also finds that Defendants' alleged failure to provide Plaintiff with a copy of the United States Department of Labor Dictionary of Occupational Titles did not violate § 1133. First, the court is not persuaded that Defendants did not provide Plaintiff with such a copy. Plaintiff's counsel asserts that Plaintiff was not provided with a copy, (Pl.'s 6/27/05 Renewed Statement at 8), but Defendants' counsel disputes this allegation (Def.'s 7/12/05 Resp. at 7.). The record indicates that Plaintiff, at least, had access to a copy of this document (whether or not Defendants were the ones to provide it), inasmuch as she cites to it in her appeal. (A.R. 751) Thus, Plaintiff cannot, and does not, claim any prejudice in the alleged failure to provide this document. Moreover, the court finds that this is not the type of document which Defendants were necessarily obligated to provide under § 1133. This document is essentially a legal document which is equally available to counsel for both parties, and not the type of factual document which § 1133 is intended to address. Thus, the court finds no violation of § 1133 associated with the alleged failure to provide a copy of the United States Department of Labor Dictionary of Occupational Titles.

With respect to the remaining two categories of documents of which Plaintiff complains, the spreadsheet of "high reserve cases" and the medical report of Dr. Harvey, the court finds that these documents are not "relevant" as defined under 29 C.F.R. § 2560.503-1(m)(8), and Defendants were therefore under no obligation to produce them. First, according to Defendants, they were never in possession of Dr.

Harvey's medical report, as he never provided it to them. (Defs.' 7/12/05 Resp. at 7.) A hypothetical medical report which was never in the possession of Defendants cannot be "relevant" under the meaning of § 1133 and the regulations promulgated thereunder. *See* 29 C.F.R. § 2560.503-1(m)(8). Further, there is nothing in the text of § 1133 which would purport to require Defendants to sign an authorization to allow Plaintiff to obtain documents from Dr. Harvey, a third party, who himself never responded to Defendants request for this report.[3]  (*Id.*)

Similarly, the court is not persuaded that the "high-reserve spreadsheet" is "relevant" under 29 C.F.R. § 2560.503-1(m)(8). Even if the spreadsheet was used to track high-reserve cases, including Plaintiff's, the court is not persuaded that the fact that Plaintiff's file case was tracked is, in itself, a due process violation, or even necessarily evidence of bias. The failure to provide that document, prior to Plaintiff's filing an appeal, does not violate § 1133 because the tracking does not go to the substance of Plaintiff's claim and was not relevant under 29 C.F.R. § 2560.503-1(m)(8).[4]

---

[3]The court also notes that, given the fact that Dr. Harvey did not provide the report upon request to Defendants, or upon being subpoenaed by Plaintiff, it is unlikely that Defendants' "authorization" would have motivated Dr. Harvey to provide the report to Plaintiff in any event.

[4]The court notes, however, that the failure to provide this spreadsheet after litigation commenced and after Defendants entered into a stipulated order to provide this document may be a discovery violation under Federal Rule of Civil Procedure 37 and the court would entertain a motion to compel brought under Rule 37. Although defense counsel has provided an affidavit stating that the spreadsheet does not contain "[t]he name of Lois Berman Vernier (Kramer)" or the claim number of "52-00888323-001," this assertion does not specifically indicate that the spreadsheet *in no way* refers to Plaintiff or her claim. (*See* Witenoff Affidavit at 2, Defs.' Ex. 1.) Even if the affidavit did expressly so state, the court is not convinced that this would obviate counsel's obligation to provide the spreadsheet anyway, inasmuch as the stipulated order appears to require the production. (*See* 2/23/005 Order.) The court expresses no definitive opinion on the disposition of any motion to compel (or on the issue of whether any such

Moreover, even if the court were to find the alleged failure to provide any of the documents was a technical violation of the regulations set forth in 29 C.F.R. § 2560.503-1, the court would nonetheless hold that Defendants substantially complied with the regulations by providing a complete copy of Plaintiff's claim files upon request. The Sixth Circuit applies the rule of substantial compliance with ERISA's procedural requirements in determining whether a plan administrator has met the procedural requirements set forth in § 1133 and the relevant administrative regulations. *Marks*, 342 F.3d at 460*; Kent*, 96 F.3d at 807 (citing other circuits and adopting the rule of substantial compliance). In *Kent,* the Sixth Circuit determined that "when claim communications as a whole are sufficient to fulfill the purposes of Section 1133 the claim decision will be upheld even if a particular communication does not meet those requirements." *Kent*, 96 F.3d at 807. Thus, the Sixth Circuit held that "in assessing E.R.I.S.A.'s procedural requirements the crucial issue is whether the purpose of Section 1133--that the claimant be notified of the reasons for the denial of the claim and have a fair opportunity for review--is fulfilled." *Id.* (citing *Donato v. Metro. Life Ins. Co.*, 19 F.3d 375, 382 (7th Cir. 1994)). In this situation, Defendants' actions in providing the entire claim file, along with (eventually) copies of the surveillance tapes prior to the appeal "substantially complied" with § 1133.

Plaintiff's procedural challenge relating to Defendants' alleged failure to provide documents is therefore denied.

### (2) Alleged Failure to Grant Plaintiff an Extension to File an Appeal

---

motion was timely), but encourages counsel to cooperate to resolve this issue between themselves.

The only other specifically alleged procedural violation that the court can discern in Plaintiff's "Renewed Statement of Procedural Challenge," is Plaintiff's complaint that Defendants denied her an extension of time to file an appeal. (Pl.'s 6/27/05 Renewed Statement at 8.) Section 1133 of ERISA provides that the claimant should be afforded a "reasonable opportunity" to obtain a "full and fair review" of the denial of benefits. 29 U.S.C. § 1133(2).

Whether an administrator afforded Plaintiff an opportunity for "full and fair review" under 29 U.S.C. § 1133(2) is a question of law for the court to decide. *Marks*, 342 F.3d at 459; *see Kent*, 96 F.3d at 806. The Sixth Circuit has described the "the persistent core requirements of review intended to be full and fair" under § 1133(2) to include: (1) knowing what evidence the decision-maker relied upon; (2) having an opportunity to address the accuracy and reliability of that evidence; and (3) having the decision-maker consider the evidence presented by both parties prior to reaching and rendering its decision. *Marks*, 342 F.3d at 461 (quoting *Halpin v. H.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir. 1992)).

Here, the record reflects that Plaintiff was granted three extensions of time to file her appeal (A.R. 731, 738, 744.) Plaintiff does not cite to anything in the record to suggest that she requested a fourth extension, but even if she did, the court finds that three extensions was more than adequate to comply, technically or substantially, with § 1133. This is especially true inasmuch as Plaintiff does not argue any prejudice as a result of the alleged failure to grant an additional extension, nor could such an argument be persuasive in light of the fact that her attorney timely filed a nineteen page appeal.

11

(A.R. 747-765.)  Plaintiff's procedural challenge regarding the alleged failure to grant an extension of time is denied.

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Renewed Statement of Procedural Challenge" [Dkt. # 16] is DENIED.

IT IS FURTHER ORDERED that the court will review the substance of the plan administrator's determination and the parties shall file motions for judgment in accordance with the ERISA motion practice requirements explained in the court's January 9, 2005 scheduling order.  The following deadlines shall apply:

| | |
|---|---|
| Plaintiff's Motion for Judgment: | March 10, 2006 |
| Defendants' Motion for Judgment and Response to Plaintiff's Motion: | March 31, 2006 |
| Plaintiff's Reply: | April 7, 2006 |

The parties are also DIRECTED to include in their briefs, with citations to the relevant plans, a discussion of the appropriate standard of review the court should employ in reviewing the administrator's decision.

                S/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: February 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 10, 2006, by electronic and/or ordinary mail.

                     S/Lisa Wagner
                     Case Manager and Deputy Clerk
                     (313) 234-5522