**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOIS KRAMER,

      Plaintiff,

v.                                                 Case No. 04-CV-74362-DT

PAUL REVERE LIFE INSURANCE CO. and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendants.
                                            /

**ORDER AMENDING JUDGMENT**

On March 26, 2007, the court entered a judgment in favor of Plaintiff Lois Kramer and against Defendant Provident Life & Accident Insurance Company ("Provident") and in favor of Defendant Paul Revere Life Insurance Company ("Paul Revere") and against Plaintiff Lois Kramer.  On the same date, the court also directed the parties to consult and jointly present a proposed "Amended Judgment," agreed upon as to form and including all amounts owed to Plaintiff under the Provident policy.[1]  (3/26/07 Order at 37-38, Dkt. # 35.)  In the event they could not agree, the parties were directed to each submit their own proposed form of an "Amended Judgment," and the court would select the proper form.  (*Id.* at 38)  The court has now received both proposed versions and will enter an amended judgment.

The parties agree that Plaintiff is entitled to the principal amount of $63,203.68 for benefits due through April 2, 2007.  The parties do not agree as to whether Plaintiff

---

[1] The court originally gave the parties three days to submit the proposed judgment to the court, but subsequently granted an extension to the parties.  (3/26/07 Order at 37-38, Dkt. # 35.)

is entitled to prejudgment interest and, if so, what interest rate the court should apply. Plaintiff asserts that she is entitled to prejudgment interest at the rate of twelve percent pursuant to Mich. Comp. Laws § 500.2006. Defendant contends that prejudgment interest is not warranted, but that if the court awards prejudgment interest, then it should be pursuant to the rate established in pursuant to 28 U.S.C. §1961.

Defendant relies on *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 619 (6th Cir. 1998), in which the Sixth Circuit held that "federal courts need not incorporate state law as the federal common law rule for the applicable prejudgment interest rate." *Id.* Further, "the determination of the prejudgment interest rate [was left] within the sound discretion of the district court." *Id.* The *Ford* court also held that the district court did not abuse its discretion on declining to award prejudgment interest at Michigan's 12% rate because "application of the 12% prejudgment interest rate prescribed by Michigan law conflicts with federal policy under ERISA, which prohibits recovery of punitive damages under 29 U.S.C. § 1132(a)(1)(B)." *Id.* The court explained the purpose of prejudgment interest, stating that, so long as the interest rate was not excessive, "[a]wards of prejudgment interest pursuant to § 1132(a)(1)(B) . . . are not punitive, but simply compensate a beneficiary for the lost interest value of money wrongly withheld from him or her." *Id.* at 618. The court later held that "[a]lthough a district court may look to state law for guidance in determining the appropriate prejudgment interest rate . . . we have held previously that the statutory postjudgment framework set forth in 28 U.S.C. § 1961 is a reasonable method for calculating prejudgment interest awards." *Id.* at 619.

The Sixth Circuit has subsequently made clear that the § 1961 rate is not "the only permissible prejudgment interest rate." *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000). The Sixth Circuit does, however, "look with disfavor on simply adopting state law interest rates. ERISA is not an area 'primarily of state concern.'" *Id.* at 985 (citing *Ford*, 154 F.3d at 617).

Having considered the relevant case law in context with the facts of this case, the court finds that an award of prejudgment interest is warranted to compensate Plaintiff for the lost interest value of the benefits wrongly withheld from her. *Ford*, 154 F.3d at 618. The court will apply the interest rate pursuant to 28 U.S.C. § 1961. *Id.* at 619. The court accepts Defendant's calculation of $2,928.74 under § 1961. Accordingly,

IT IS ORDERED that the court's March 26, 2007 judgment is AMENDED to provide that judgment is entered in favor of Plaintiff Lois Kramer and against Defendant Provident Life & Accident Insurance Company in the principal amount of $63,203.68 for benefits due through April 2, 2007. Prejudgment interest is also awarded to Plaintiff in the amount of $2,928.74. An amended judgment will issue.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 23, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2007, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\04-74362.KRAMER.OrderAmendingJudgment.wpd